## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONIA SCOTT,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-0472** |
| **v.** | : | **(JUDGE MANNION)** |
| **SAW CREEK ESTATE COMMUNITY ASSOCIATION, INC., <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is the report of Chief Magistrate Judge Susan E. Schwab, which recommends that the plaintiff's motion to proceed in forma pauperis, (Doc. 1), be granted and her complaint, (Doc. 2), be dismissed. (Doc. 6). Upon review, the report of Judge Schwab will be adopted in its entirety.

By way of relevant background, on March 7, 2017, the plaintiff filed the instant action in the United States District Court for the Southern District of New York, in which she alleges a real property dispute. (Doc. 2). By order dated March 8, 2017, the action was transferred to this court citing improper venue in the Southern District of New York. (Doc. 4).

Upon receipt in this district, the case was assigned to the undersigned and referred to Judge Schwab for all pre-trial matters. On May 16, 2017, Judge Schwab screened the plaintiff's complaint pursuant to the provisions of 28 U.S.C. §1915(e)(2). In doing so, Judge Schwab recommends that the

plaintiffs motion to proceed in forma pauperis, (Doc. 1), be granted, and that

her complaint, (Doc. 2), be dismissed for failure to state a claim upon which

relief can be granted. (Doc. 6). Judge Schwab provides the following synopsis

of the plaintiff's complaint:

> Scott alleges that she filed a Declaration of Ownership
> Affidavit in accordance with her Aboriginal Title and the United
> Nations Declaration on the Rights of Indigenous People for Saw
> Creek on October 11, 2016, with the Pike County recorder of
> deeds. According to Scott, Saw Creek Estate Community
> Association, Inc. ("Saw Creek") was informed of this filing on
> October 22, 2016, as a result of her conversation with Saw
> Creek's Director of Member Services via telephone. Scott also
> faxed a Declaration of Ownership Affidavit to Saw Creek. Scott
> claims that to retaliate against the filing of Declaration of
> Ownership, Saw Creek hired additionally (sic) security staff to
> "hostilely and forcefully eject" her and her sister off of the
> property/land on November 2, 2016. Scott alleges that this
> incident was recorded on video. After Scott was informed that
> Saw Creek retained counsel Nick Haros, she faxed Attorney
> Haros the Declaration of Ownership Affidavit on November 4,
> 2016, so that she could confirm her authority over the land and
> complain about the treatment of both her and her sister.
> Scott alleges that she began interviewing possible
> candidates to replace Saw Creek's property manager and its staff.
> She faxed a notice to Saw Creek on January 11, 2017, indicating
> that the newly hired property manager would be surveying the
> land within three days. Scott claims that the new property
> manager and staff were denied access to the property by the Saw
> Creek staff. On January 17, 2017, Scott complained to Saw Creek
> and its staff via email and fax that they were trespassing and their
> services on Scott's land were terminated. Scott claims that after
> contacting them, Saw Creek hired additional security in order to
> intimidate her and her authorized personnel.
> Scott complains that Saw Creek continues to collect and
> steal dues from the Saw Creek residents and that Saw Creek fails
> to inform the residents of Scott's ownership. She also complains
> that she is denied access to her property so that she is
> discouraged from informing the residents about her ownership

and from discussing lot lease agreements with them. Claiming that Saw Creek has taken hostile, deceptive, and aggressive actions against her, Scott requests the ejectment of Saw Creek and various thirty-party trespassers who are Saw Creek employees or those that are domiciled on the land. She also requests that Saw Creek pay her all rents, issues, and profits derived from the leasing, renting, or use of the lands beginning from October 11, 2016, until the date of ejectment. Scott wishes to recover damages at a rate of $125,000 per month with a 10% interest imposed for Saw Creek's personal and professional use of the land.

(Doc. 6, pp. 2-4).

In screening the plaintiff's complaint, Judge Schwab noted that the complaint does not contain the grounds upon which the plaintiff's claims rest against Saw Creek and the other named defendants. However, to the extent that the plaintiff is seeking the ejectment of the defendants from the land, Judge Schwab indicated that it appears that the plaintiff is trying to bring an action to quiet title. The plaintiff does not, however, allege sufficient facts regarding her aboriginal title to obtain relief against the defendants. Judge Schwab further observed that, although the plaintiff alleges that her bloodline gives her ownership authority, she does not establish her bloodline, nor does she allege how that possible bloodline warrants ownership over the land in question. Further, based upon Third Circuit law, see Delaware Nation v. Pennsylvania, 446 F.3d 410, 416-17 (3d Cir. 2006), Judge Schwab found that the plaintiff failed to state a judicially determinable issue regarding her claim of aboriginal title to the defendants' land. For these reasons, Judge Schwab

3

recommends that the plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. Given that the plaintiff has filed numerous complaints here in the Middle District of Pennsylvania, as well as in the Southern District of New York, which contain almost identical allegations against other defendants, and which have been dismissed without leave to amend[1], Judge Schwab has recommended that the plaintiff not be given leave to amend, as such would be futile.

Rather than filing objections to Judge Schwab's report, on May 18, 2017, the plaintiff filed a letter, docketed as a "Motion for Leave to File Out of Time/Motion to Remand". (Doc. 7). Citing to the above-captioned action, as well as another action filed by the plaintiff in the Southern District of New York and transferred to this district, Scott v. Pine Ridge Cmty. Ass'n, 3:17-0668 (Caputo, J.), the plaintiff states that "[she] never wanted [her] cases transferred to Pennsylvania . . ." where she claims ". . . there is a history in (sic) which appears to devalue [her] Aboriginal/Indigenous/Native status . . ." The plaintiff proceeds to challenge several aspects of the report and

---

[1]See e.g., Scott v. Reinhard, 3:16-0334 (M.D.Pa. 2016); Scott v. Alexander, 3:16-0335 (M.D.Pa. 2016); Scott v. Pulos, 3:16-0336 (M.D.Pa. 2016); Scott v. McCarthy, 3:16-0337 (M.D.Pa. 2016); Scott v. Cox, 3:16-0338 (M.D.Pa. 2016); Scott v. Martin, 3:16-0339 (M.D.Pa. 2016); Scott v. Gehris, 3:16-0340 (M.D.Pa. 2016); Scott v. Hartman, 3:16-0341 (M.D.Pa. 2016). See also Scott v. Pine Ridge Cmty. Ass'n, 17-1682 (S.D.N.Y. 2017); Scott v. Kaskel, 17-1683 (S.D.N.Y. 2017).

recommendation and subsequent memorandum and order adopting the report in the Scott v. Pine Ridge case. She raises no substantive objection to Judge Schwab's report in this case. The plaintiff requests, however, that both cases be remanded to the Southern District of New York.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In this case, the plaintiff has failed to file any substantive objections to Judge Schwab's report. She instead requests that the court remand her case back to the Southern District of New York. To the extent that the plaintiff requests remand, her request will be denied, as it is clear that transfer to this district on the basis of venue was proper. Moreover, with respect to Judge Schwab's report, the court has reviewed the reasons presented by Judge Schwab for recommending that the plaintiff's complaint be dismissed. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 11, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0472-01.wpd